UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| ANDREW BRYANT, individually and on behalf of all others similarly situated §§§<br><br>**Plaintiff,**<br><br>vs.<br><br>ENTERPRISE PRODUCTS PARTNERS, L.P.<br><br>**Defendant.** | § § § § § § § § § § § | Docket No. _____<br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### I. SUMMARY

1. Enterprise Products Partners, L.P. (hereinafter, "Defendant" or "Enterprise") failed to pay its tankermen overtime compensation as required by the Fair Labor Standards Act ("FLSA"). This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

### II. JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the Fair Labor Standards Act ("FLSA").

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

### III. THE PARTIES

4. Andrew Bryant ("Bryant" or "Plaintiff") worked for Defendant as a tankerman during the relevant statutory time period. His consent to be a party plaintiff has been attached hereto as Exhibit A.

5. The class of similarly situated employees ("Putative Class Members") consists of

**ALL INDIVIDUALS WHO WERE (A) EMPLOYED BY ENTERPRISE AS A TANKERMAN WITHIN THE PAST THREE YEARS; AND (B) PAID A "DAY RATE" WITH NO OVERTIME COMPENSATION**

6. Enterprise is a Delaware corporation doing business in Texas and throughout the Gulf Coast. Enterprise may served by serving its registered agent **CT Corporation System, 350 N. Paul Street, Suite 2900, Dallas, Texas 75201**.

## IV.   FACTS

7. Enterprise employs hundreds of tankermen. Tankermen generally work 84 hours per workweek, but Enterprise does not pay them overtime. Instead, Enterprise classifies tankermen as exempt from the overtime requirements of the FLSA under the "seaman" exemption. Tankermen however, do not qualify for the FLSA's seaman exemption. A tankerman's primary job duties are related to the loading, unloading and handling of liquid cargo from Enterprise's vessels. The controlling law makes it clear this is *non*-seaman's work. Maritime employees who spend more than 20% of their time performing such duties are not *FLSA* "seamen" – and are thus not exempt. Therefore, Enterprise owes back overtime wages to hundreds of its tankermen, all of whom work long hours each workweek.

## V.   FLSA VIOLATIONS

8. During the relevant time period, Defendant has violated, and is violating, the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than one and one-half the regular rates for which they were employed.

Defendant knowingly, willfully or in reckless disregard carried out its illegal pattern or practice of failing to pay Plaintiff and all those similarly situated overtime compensation. The decision by Defendant not to properly pay overtime compensation to its hourly employees was neither reasonable, nor in good faith. Accordingly, Plaintiff and all those who are similarly situated are entitled to overtime wages under the FLSA in an amount equal to one and one-half times their rate of pay, plus liquidated damages, attorney's fees and costs.

## VI.   COLLECTIVE ACTION ALLEGATIONS

9. Numerous employees have been victimized by this pattern, practice and policy which are in willful violation of the FLSA. Many of these employees have worked with Plaintiff and have reported that they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA. Thus, from his observations and discussions with these employees, Plaintiff is aware that the illegal practices or policies of Defendant have been imposed on the Putative Class Members.

10. The Putative Class Members are all salaried employees who regularly worked in excess of 40 hours per week. These employees are victims of Defendant's unlawful compensation practices and are similarly situated to Plaintiff in terms of job duties, pay provisions and employment practices.

11. Defendant's failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policy and practice and which is not dependent on the personal circumstances of the Putative Class Members. Thus, Plaintiff's experiences are typical of the experiences of the Putative Class Members.

12. The specific job titles or precise job requirements of the various Putative Class Members does not prevent collective treatment. All of the Putative Class Members, regardless of

their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

## VII.    RELIEF SOUGHT

13. WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

    a. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs;

    b. For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

    c. For an Order awarding Plaintiff (and those who have joined in the suit) their attorneys' fees;

    d. For an Order awarding Plaintiff unpaid benefits and compensation in connection with the FLSA violations;

    e. For an Order awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

    f. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ Michael A. Josephson
    Michael A. Josephson
    Fed. Id. 27157
    State Bar No. 24014780
    FIBICH, HAMPTON, LEEBRON,
      BRIGGS & JOSEPHSON, L.L.P.
    1150 Bissonnet
    Houston, Texas 77005
    713-751-0025 – Telephone
    713-751-0030 – Facsimile
    mjosephson@fhl-law.com

**AND**

    Richard J. (Rex) Burch
    Texas Bar No. 24001807
    S.D. Tex. No. 21615
    **BRUCKNER BURCH,** P.L.L.C.
    1415 Louisiana St., Suite 2125
    Houston, Texas 77002
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**